**Raymond GRIFFITH, Plaintiff-Appellant,**

v.

**ESTATE of Herman WINEBARGER, Deceased, Defendant-Respondent.**

No. 33927.

St. Louis Court of Appeals, Missouri.

Sept. 28, 1971.

Colson & Wagner, David L. Colson, Farmington, for plaintiff-appellant.

Charles Weber, Ste. Genevieve, for defendant-respondent.

WEIER, Commissioner.

Claim in quantum meruit based on personal services against decedent's estate, seeking payment of $5,000.00. From a directed verdict at the close of plaintiff's case, he appeals from the judgment of the circuit court. We reverse and remand.

Plaintiff Raymond Griffith filed his claim against the estate of Herman Winebarger, deceased, in the probate court, alleging that from September 1, 1966, to October 4, 1968, he rendered services to the deceased, being, in part, housework, including preparation of meals; acted as a companion, as a nurse when deceased was ill; accompanied him to doctors, ran errands, transported him to various places and made telephone calls for him. Griffith alleged his services were reasonably worth an average of $200.00 per month, which, being performed for a period of 25 months, totalled $5,000.00.

After appeal to the circuit court, at trial time evidence was adduced by Griffith from which the jury could find and infer that Herman Winebarger, who died at the age of 85 years, resided upon a farm near Esther, Missouri. In September of 1966, Raymond Griffith came to live with Winebarger at his home, and from that time until Winebarger's death on October 4, 1968, Griffith performed many personal services. At various times he had taken clothing and linens to have laundered, had run errands to the store to get groceries, hauled hogs to market in his truck, fed the hogs and cattle, prepared meals, made the beds, swept the floors, washed the dishes, cultivated the corn and hauled it in from the fields, hauled seed out to the fields, and had taken Winebarger to various places in his truck. About six months before he died, Winebarger became ill, spending much of his time in bed. During this period Griffith waited on him, getting him a glass of water or a pill, and caring for him. Plaintiff was not shown to be related by blood or marriage to the deceased. Several witnesses testified as to current rates of pay for similar services in the community.

At the conclusion of plaintiff's case, plaintiff's counsel was informed by the court that he hadn't made a case. Thereupon, the attorney for the estate filed his motion for directed verdict and this motion was sustained on the ground announced by the court the evidence failed to disclose that at the time Griffith moved in with Winebarger, Griffith expected to be paid or that Winebarger expected to pay for the services; and further, plaintiff's evidence failed to prove that no payment was made.

Plaintiff contends on appeal that the trial court erred in its determination that plaintiff failed to prove a case of quantum meruit against the estate and erred further in ruling that it was necessary for plaintiff to offer evidence that he had not been paid for the services performed. The estate has not filed a brief in this court. In considering these contentions, we need only refer in the main to that primer of Missouri law on claims in quantum meruit for personal services against defendants' estates, that is, the case of Smith v. Estate of Sypret, Mo., 421 S.W.2d 9.

In the absence of a family relationship, when one performs valuable services for another, the benefit of which has been received and enjoyed by him, the law presumes an intention on the part of the

one who performs the services to charge, and the recipient to pay, the reasonable value of such services. To constitute a family relationship there must be (1) a social status, (2) a head of the family who has a right, at least in a limited way, to direct and control those gathered in the household, (3) the head of the family must be obligated either legally or morally to support the other members, and, (4) there must be a corresponding state of at least partial dependence of the other members for this support. Where no family relationship is shown, plaintiff need not prove when he intended to be paid. Once he adduces evidence of services rendered by him to the deceased, the law implies a contract for compensation. The burden is then on the estate to prove the services were rendered gratuitously. Furthermore, a family relationship, which, if it existed, would shift this burden, is an affirmative defense and as to it defendant has the burden of proof. As to proof of value, personal services such as housework, feeding livestock, driving, running errands, nursing and personal care, are of such a nature that their reasonable value are within the common knowledge of the court and jury, and where such common knowledge exists, proof of reasonable value is not essential to a recovery in quantum meruit. Smith v. Estate of Sypret, supra. (As to family relationship and the effect of its absence or presence, see also Jaycox v. Brune, Mo., 434 S.W.2d 539, 554.) Neither is it necessary that plaintiff offer proof that he has not been paid, since payment is an affirmative defense; and as to this issue the estate has the burden of proof. Hubbard v. Happel's Estate, Mo.App., 382 S.W.2d 416, 425 [7–10].

Here, a jury could find and infer from plaintiff's evidence that Griffith rendered valuable services to Winebarger which Winebarger received and enjoyed. None of the elements of a family relationship was shown by the evidence. No payment was proven. It is clear that plaintiff made a submissible case against the estate. He was entitled to submit his claim to the jury for its consideration.

The judgment is reversed and the case remanded.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and the case remanded.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.