**LACLEDE GAS COMPANY, Plaintiff-
Appellant,**

v.

**HAMPTON SPEEDWAY COMPANY et al.,
Defendants-Respondents.**

No. 35748.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 4, 1975.

M. E. Stokes, B. A. Smith and Paul B. Hunker, Jr., St. Louis, for plaintiff-appellant.

Sheldon Weinhaus, Levin & Weinhaus, Jack E. Pohrer, St. Louis, for defendants-respondents.

SIMEONE, Presiding Judge.

This is an appeal from an order of the circuit court of the City of St. Louis entered on September 21, 1973, sustaining the defendants-respondents' motion to dismiss the third amended petition of the plaintiff-appellant, Laclede Gas Company, seeking recovery for gas and gas service allegedly furnished to the defendants. For reasons hereinafter stated, we reverse the order sustaining the motion to dismiss and remand the cause for further proceedings.

On July 23, 1973, plaintiff-Laclede Gas Company filed its third amended petition (actually the fourth petition) seeking recovery for gas and gas service furnished to one or more of the several defendants —Hampton Speedway Company, Jack Burton Management Co. (d/b/a Midland Oil Company), W. C. Thompson, Crusader Car Wash, Inc., Russell Zumsteg and Earl Jenkins.

Laclede asserted in its six-count petition the following: (a) that, at Hampton's "request," Laclede "furnished gas and gas service" to its premises located at 2130 Hampton Avenue for a period from 1965 to 1970 and that Hampton "received the benefit of the use of gas," that Hampton failed to pay the amount "lawfully" owing and prayed damages for the amount of the gas service (Count I); (b) that Jack Burton Management Company "requested gas and gas service at said premises," which Laclede regularly and continuously "furnished," and that Jack Burton "received the use and benefit" of gas service from December 7, 1965, to November 2, 1970. Laclede prayed that, in the event it did not recover judgment against Thompson, Cru-

sader, Zumsteg and Jenkins, it recover judgment against Hampton and Jack Burton jointly or "alternatively" against Jack Burton Company alone (Count II); (c) that W. C. Thompson engaged in the operation of a service station or car wash or both at the premises between November 11, 1966, and February 16, 1968, and that during the period Laclede "furnished gas and gas services" for use in the business. Laclede then pleaded "hypothetically" if Hampton and Jack Burton did not receive the benefit of the gas service, Thompson did receive the "use and benefit" for the period and prayed for the amount due in the event that Laclede does not recover judgment against Hampton and Jack Burton (Count III); (d) that Crusader Car Wash engaged in the operation of a car wash at the premises between February 16, 1968, and November 2, 1970, and during that period Laclede "furnished" gas and, "[p]leading hypothetically," if Hampton and Jack Burton did not receive the "benefit and use" of the gas, then Crusader "received the use and benefit." Laclede prayed that in the event Laclede does not recover judgment against Hampton and Jack Burton, then it prays judgment against Crusader for the period involved (Count IV); (e) that Russell Zumsteg engaged in the operation of a service station or car wash or both on the premises and occupied the premises from July 1, 1966, to March 1, 1969, and during that period Laclede "furnished gas and gas services." Laclede again pleaded "hypothetically," if Hampton, Jack Burton, Thompson and Crusader did not receive the "benefit and use" of the gas, then Zumsteg "received the use and benefit." Laclede prayed that "in the event" that it did not recover judgment against Hampton (Count I), Jack Burton (Count II), Thompson (Count III) and

Crusader (Count IV), then it prayed judgment against Zumsteg (Count V); (f) that Earl Jenkins engaged in the operation of a service station or car wash or both on the premises and occupied the premises from March 1, 1968, to November 2, 1970, and during that period Laclede "furnished gas and gas services" to the premises. Laclede again pleaded "hpothetically" if Hampton Speedway, Jack Burton, Crusader and Zumsteg (not Thompson) did not receive "the benefit and use" of the gas during the period, then Jenkins "received the use and benefit" of the gas. Laclede prayed, "in the event" it did not recover judgment against Hampton, Burton, Crusader and Zumsteg, that it receive judgment against Jenkins.

Reduced therefore to basics, Laclede alleged that it furnished gas and gas service to the premises at 2130 Hampton Avenue and that one or more of several companies or individuals were alternatively and hypothetically responsible to pay the same.[1]

In due time, Crusader filed its motion to dismiss, and Hampton and Jack Burton filed its joint motion to dismiss.[2] Essentially, they were the same.

The motions urged that: (1) None of the counts of the third amended petition meets the "requisites" of § 393.130, RSMo. 1969, V.A.M.S., which requires that the rates attempted to be charged "have been allowed by order or decision of the Missouri Public Service Commission or that the charges are just and reasonable"; (2) the third amended petition, "being based on the same erroneous allegations as previously made, is oppressive and harassing of the defendants . . ."; (3) the counts are "not clearly succinctly made alternative," and contain inconsistent allegations; (4)

---

1. Proper charges for gas service were not made. This was due either to an improper reading of the meter or the use of improper forms. The meter was so read that only one-tenth of the gas furnished the premises was charged. This action is therefore an attempt to recover for the actual amount of gas furnished.

2. Zumsteg and Jenkins filed their joint answer to the plaintiff's earlier "amended" petition, but did not file any motion or answer to the third amended petition. W. C. Thompson has not filed any type of motion or pleading at any time.

the plaintiff has improperly joined defendants in several causes of action for unrelated periods of time and there are "no common transactional facts" between the defendants; (5) although the pleadings appear to be for an account, Laclede has failed to itemize any account or show the nature thereof; (6) by reason of § 393.-130, the demands "appear" to be in excess of that allowed by law; and (7) the petition fails to state a claim because the allegation "use and benefit" standing alone does not constitute any claim for relief, and no facts have been pleaded showing any unjust enrichment.

On September 21, 1973, the trial court after argument sustained the defendants' motions. Notice of appeal was filed on October 1, 1973. Over a month later, on November 7, 1973, the trial court entered an order stating that "for the reasons set out in defendants' various motions to dismiss filed in the cause herein, and for the reasons stated in the oral hearings thereon, the Court does hereby dismiss with prejudice said causes-of-action . . .." The court noted that Laclede represented that it will not further amend its petition.

Pending appeal and after the briefs were filed here, on November 22, 1974, Hampton Speedway and Jack Burton filed a motion for leave to file deposition transcripts and deposition exhibits. The motion sought leave of this court to file for "use on appeal" the transcript of the depositions taken by defendants of Henry F. Kramer, Assistant Manager, Customer Relations of Laclede, and Edward F. Pohrer, taken on behalf of plaintiff, and the exhibits attached thereto. The grounds for the motion asserted that (1) the question of discovery was first raised by plaintiff's brief in urging that it was not allowed the opportunity of going forward with its discovery; (2) respondents-defendants cited, in their brief, portions of the deposition testimony; (3) Laclede's reply brief refers to

portions of the deposition testimony; (4) this court would be "unduly hampered" if we did not have available the deposition testimony and exhibits to determine the propriety of the matter set out in the briefs; (5) the evidence adduced by deposition was fully argued in the trial court; and (6) one of respondent's attorneys specifically requested that such deposition be included in the transcript.[3]

Laclede's counsel filed suggestions in opposition to the defendants' motion for leave to file depositions urging that this court can review the case only on the record presented and depositions in a pending action cannot be considered by the appellate court on an appeal from a judgment dismissing an action for failure to state a claim.

Defendants, in their brief in this court, urge that the trial court could correctly treat the motions to dismiss as ones for summary judgment and give judgment to those defendants whom the evidence establishes are not the customers of Laclede. Respondents rely on Rules 55.27, 74.04, V.A.M.R., and Empiregas, Inc. of Noel v. Hoover Ball & Bearing Co., 507 S.W.2d 657 (Mo.1974). Defendants argue that in oral arguments before the trial court, "discovery facts" were "regularly alluded to and referenced."

■■ We deny the motion of defendants for leave to file the deposition transcripts and exhibits. It is elementary that an appellate court can review a cause only on the record presented. O'Connell v. Roper Electric Company, Inc., 498 S.W.2d 847, 857 (Mo.App.1973). The cases uniformly state that an appellate court must take the record as it comes without supplementation. Pretti v. Herre, 403 S.W.2d 568, 569 (Mo.1966); Cardin v. King, 344 S.W.2d 633, 635 (Mo.App.1961).

As to defendants' contention that the trial court treat the motion as one for sum-

---

3. Laclede's counsel wrote to counsel for one of the defendants that he could not stipulate to furnishing of various exhibits to this court as requested.

mary judgment, defendants rely on Rule 55.27. Rule 55.27(a), effective September 1, 1973, provides that ". . . [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04."

This rule authorizes the court to treat a motion to dismiss as a motion for summary judgment when matters outside the pleadings are presented and not excluded. This rule is identical to Federal Rule 12(b). While the trial court is authorized to treat the motion to dismiss as a motion for summary judgment, in interpreting this rule, federal cases have required as a minimum "some indication by the court to 'all parties' that it is treating the 12(b)(6) motion [a motion to dismiss for failure to state a claim] as a motion for summary judgment . . . ." Dale v. Hahn, 440 F.2d 633, 638 (2nd Cir. 1971). See also Scott v. Dollahite, 54 F.R.D. 430, 432 (N.D.Miss. 1972). ". . . It is important that the court give the parties notice of the changed status of the motion [to dismiss] and a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56' [Rule 74.04]" 5 Wright and Miller, Federal Practice and Procedure § 1366, at 683 (1969).

■ This was not done here. There was no indication in this case that the trial court considered the motions to dismiss as ones for summary judgment under Rule 74.04. There is nothing in the record to show either that the trial court notified the parties that it was treating the motions as ones for summary judgment or that the parties were given reasonable opportunity

to present all material pertinent to a motion for summary judgment. Rule 55.27.

Under the circumstances of this case, we are compelled to deny the motion of the defendants for leave to file the deposition transcripts and exhibits.

Therefore, the core issue to be determined is whether Laclede's third amended petition stated a claim upon which relief can be granted. Defendants-respondents contend that the trial court did not err in sustaining the motions to dismiss because the petition (1) failed "to set out it has fulfilled statutorily imposed requisites"; (2) does not state a claim when it states that defendants had the "use and benefit" of gas and gas service; (3) alleges inconsistent facts for "joint liability"; and (4) is indefinite and confusing. Defendants further contend that the trial court "exercised reasonable discretion" in sustaining the motions because Laclede "steadfastly insists" it would not clarify its pleading.

Defendants argue (1) that Laclede did not plead the requirements of § 393.130, RSMo., V.A.M.S., which provides in part that "[a]ll charges made or demanded by any such gas corporation . . . for gas . . . shall be just and reasonable and not more than allowed by law or by order or decision of the commission"; (2) that as "[a]gainst all the added defendants (excepting Jack Burton)[4] all that plaintiff pleads is that [a] it furnished gas service to the premises for certain times, and [b] each defendant had the use and benefit of such gas service. No request for service by any such defendant is pleaded"; (3) that there is no allegation that defendants "expect to pay" for the service; and (4) that the allegations are inconsistent.

■ On a motion to dismiss for failure to state a claim, we are required to construe the petition favorably and to give the pleader the benefit of every reasonable and fair intendment in view of the facts al-

---

4. Count I of the petition as to Hampton also alleged a "request."

leged, and if the pleader's allegations invoke principles of substantive law which may entitle it to relief, the petition is not to be dismissed. If the facts pleaded and the reasonable inferences to be drawn therefrom looked at most favorably from the plaintiff's standpoint show any ground upon which relief may be granted, the plaintiff has the right to proceed. State ex rel. Sisters of St. Mary v. Campbell, 511 S.W.2d 141, 145 (Mo.App.1974). If the pleader's allegations invoke substantive principles of law which if proved may entitle it to relief, the petition is not to be dismissed.

■ Under modern pleading principles, a petition is not to be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In determining therefore whether Laclede's third amended petition states a claim, we must determine whether it has set forth a "short and plain statement of the facts showing that the pleader is entitled to relief . . . ." Rule 55.05. We believe that it does.

■ Defendants argue that Laclede's petition does not state a claim because it failed to plead the applicable rates, or any order of the Public Service Commission in violation of § 393.130, RSMo.1969, V.A.M.S. This statute has never been applied so as to deny the right of a utility company to recover payment for its lawful charges for services.[5] The statute is normally invoked by consumers who seek court review of orders of the Public Service Commission on the ground that the rate schedule is either

not lawful, not reasonable or not based on competent and substantial evidence. See, e. g., State v. Burton, 334 S.W.2d 75, 78–79 (Mo.1960). Laclede pleaded in Count I that the charges were "lawfully" made by it. This implies that it cannot charge and recover any more than authorized by the Public Service Commission. Laclede could not recover under any of the counts more than its authorized rates. We hold that it was not essential to state a claim for relief that Laclede plead that its charges were authorized by order or decision of the Public Service Commission, and that the omission to so state was not fatal to the plaintiff's cause.

Next, defendants argue that Laclede's petition fails to state a claim because it alleges that defendants had the "use and benefit" of gas and gas service and that this is insufficient to state a claim.

■ The general principle is that, even though there has been no specific request for goods or services, where goods and services are knowingly accepted by the party receiving the benefit, there is an obligation to pay the reasonable value of such services and a promise to pay such reasonable value is inferred by either the conduct of the parties or by law under circumstances which would justify the belief that the party furnishing such service expected payment. Upshaw v. Latham, 486 S.W.2d 656, 658 (Mo.App.1972); Griffith v. Estate of Winebarger, 471 S.W.2d 941, 942–943 (Mo.App.1971); Bennett v. Adams, 362 S.W.2d 277, 280–281 (Mo.App. 1962); Songer v. Brittain, 272 S.W.2d 16, 20 (Mo.App.1954); Abresch v. Schultz, 216 S.W.2d 134, 139 (Mo.App.1948).

■ In two of the counts, Laclede pleaded a "request" for services; in the

5. Defendants rely on Union Electric Company v. Mansion House Center North Redevelopment Company, 494 S.W.2d 309 (Mo. 1973), wherein the utility sought to recover amounts allegedly owed by defendants for electric service provided by plaintiff. Plaintiff's pleading included the allegation that the bills rendered were in accordance with

" ' . . . the applicable rates, rules and regulations on file with, and approved by, the Missouri Public Service Commission.' " 494 S.W.2d at 311. The case, however, made no mention of whether such an allegation was required in order to state a claim for relief.

others, Laclede pleaded that it "furnished" gas service and that the defendants had the benefit and use of such service. We believe and hold that allegations are sufficient to state a claim in an implied contract and that it may be reasonably inferred that by receiving the benefit and use of gas and gas service, a promise to pay the lawful and reasonable charges of such service is implied. We therefore believe that Laclede's petition in this regard states a claim.

Next, defendants argue that the petition alleges inconsistent facts and is indefinite and confusing, is not clearly alternative and that there are no common transactional facts between the defendants.

We have come a long way since the technicalities embodied in the common law pleadings controlled the determination of the cause. The emphasis, today, is not on pleading but on the disposition of the cause on the merits. At one time, hypothetical, alternative and inconsistent pleading was not permitted. But those rules do not exist under modern pleading. Today, Rules 55.-05 and 55.10 (formerly Rule 55.12) permit a plaintiff to "set forth two or more statements of a claim . . . alternatively or hypothetically, either in one count . . . or in separate counts . . . ." Rule 55.10. That Rule also permits a party to state "as many separate claims . . . as it has *regardless of consistency* and whether based on legal or equitable grounds." Rule 55.10. (Emphasis added). This Rule adopted Federal Rule 8(e)(2), which authorizes inconsistent pleading. Prior to the new Rule, inconsistent pleading of facts was not permitted in Missouri.[6] Under the new Rule, a party may state its claims alternatively or hypothetically "regardless of consistency" and the pleader is given the widest freedom to assert its claims "regardless of consistency."

Although our research has not disclosed any Missouri cases construing the new Rule, the federal courts, construing Rule 8(e)(2) [the equivalent of Rule 55.10], have uniformly allowed a party to assert *in the pleadings* contradictory statements when the pleader is in doubt about the factual background of its case or the legal basis for recovery. See, e. g., Babcock & Wilcox Company v. Parsons Corporation, 430 F.2d 531, 536 (8th Cir. 1970). Inconsistent allegations of fact and legal theories may be pleaded. Fredonia Broadcasting Corp., Inc. v. RCA Corporation, 481 F.2d 781, 790 (5th Cir. 1973); Banco Continental v. Curtiss Nat. Bank of Miami Springs, 406 F.2d 510, 514 (5th Cir. 1969); see 5 Wright and Miller, Federal Practice and Procedure § 1283, at 373 (1969); 2A Moore, Federal Practice ¶ 8.32, at 1888–1891 (1974).

■ We hold, therefore, that Laclede's six-count petition is not insufficient because of any inconsistency or because the facts are hypothetically stated, or the recovery sought is in the alternative.

Examining the plaintiff's petition, we find that it properly states a claim for relief.

Although defendants did not argue on appeal that plaintiff "improperly joined defendants in several causes of action for unrelated periods of time," that was a part of defendants' motions to dismiss. Therefore, we consider whether such an assertion is a proper basis for dismissing plaintiff's petition.

Rule 52.05(a) allows a plaintiff to join:

"[a]ll persons . . . in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or

---

6. For a comparison between the substance of prior Rule 55.12 (§ 509.110, RSMo.1969, V.A.M.S.) with Federal Rule 8(e)(2), which contains the words "regardless of consist-

ency," see Comment, Inconsistent Pleading Under Missouri Statutes, 23 Mo.L.Rev. 63 (1958).

fact common to all of them will arise in the action."

A plaintiff may join as defendants in one action all persons against whom plaintiff asserts in the alternative a right to relief "in respect of or arising out of" the same "series of transactions or occurrences" and with regard to whom "any question of law or fact common to all of them will arise in the action. . . ." Rule 52.05.

In discussing alternative permissive joinder under identical Federal Rule 20, it has been noted:

". . . The need for alternative joinder of defendants typically arises when the substance of plaintiff's claim indicates that he is entitled to relief from someone, but he does not know which of two or more defendants is liable under the circumstances set forth in the complaint." 7 Wright and Miller, Federal Practice and Procedure § 1654, at 278 (1969).

Thus, under Federal Rule 20, a plaintiff who alleged he sold and delivered goods to "Hill Oil Company" at a specific address for a specific time period and was owed a specific amount was allowed to plead in the alternative that the account was owed either by the company, by an individual as a sole proprietorship or by two or more specific persons as were operating as a partnership at the address in question for the period of time pleaded. Berry Refining Company v. Salemi, 353 F.2d 721, 722 (7th Cir. 1965).

This court, in Levey v. Roosevelt Federal S. & L. Ass'n of St. Louis, 504 S.W.2d 241, 247 (Mo.App.1973), explained the unity which must be found to allow permissive joinder of claims. Recognizing that the test suggested by the term "series of transactions" is vague and unclear, the court noted that there is no necessity that there be an *absolute identity* of all events in order to say that plaintiff's asserted rights arise out of the same transaction or series of transactions.

■ Applying these principles, we believe that Rule 52.05 is satisfied in this case. Laclede seeks to recover against one or more of the defendants. The gas and gas service was allegedly furnished continuously to the premises at 2130 Hampton Avenue and used by one or more of the parties over a period of time. There is a common question of the alleged alternative or hypothetical liability of one or more of the defendants arising out of the operation of the service station or car wash at one location. Therefore, we hold that the defendants were properly joined.

■ The final two points raised in defendants' motions are without merit. Defendants contend that the third amended petition is oppressive and harassing. Plaintiff's third amended petition is not "oppressive and harassing to defendants" merely because it is plaintiff's fourth pleading or merely because it alleges alternative and inconsistent facts and prayers for relief. Defendants' assertion that plaintiff failed to itemize any account, even though its pleadings "appear to be for an account . . .," is also without merit. As stated above, plaintiff's petition adequately states a claim for services furnished to and used by defendants, and an itemized account is not essential in the pleading but is obtainable by other procedural methods.

In conclusion, we believe that the trial court erred in sustaining defendants' motions to dismiss. We believe that allegations invoke substantive principles of law which if proved may entitle plaintiff to relief. We have come a long way from the day when decisions were based upon technicalities in pleadings. The modern philosophy is that the cause should be disposed of on the merits if, under any principles of substantive law, the pleading states a claim for relief. Hypothetical pleadings are authorized under modern rules. Although Laclede may have difficulty in proving its assertions, it should be afforded its day in

court and have the opportunity to prove its claims. Laclede furnished "gas and gas service" to some one or more of the defendants and should be entitled to prove if it can that one or more of the defendants are responsible to pay for the gas and gas service under the lawful rates established by the Public Service Commission.

We have examined the authorities relied upon by the defendants-respondents and find them inapposite.

The trial court's order dismissing plaintiff's petition is reversed, and the cause is remanded for further proceedings.

McMILLIAN and GUNN, JJ., concur.

## APPENDIX

### Third Amended Petition of Laclede Gas Company filed July 23, 1973

| Third Amended Petition Contained: | Hampton Speedway — Count I | Jack Burton Management Co. — Count II | W. C. Thompson — Count III | Crusader Car Wash, Inc. — Count IV | Russell Zumsteg — Count V | Earl Jenkins — Count VI |
|---|---|---|---|---|---|---|
| Requested Gas | yes | yes | no | no | no | no |
| Furnished Gas and Gas Services | yes | yes | yes—furnished gas for use in business operated thereon | yes—for use in business operated | yes | yes |
| Received Benefit and Use | yes | yes | yes | yes | yes | yes |
| Time Furnished | 12-7-65 to 11-2-70 | 12-7-65 to 11-2-70 | 11-11-66 to 2-16-68 | 2-16-68 to 11-2-70 | 7-1-66 to 3-1-69 | 3-1-68 to 11-2-70 |
| Failed & Refused to Pay | yes | no | no | no | no | no |
| Amount prayed | $11,774.42 + interest = $16,245.00 | $11,774.42 + interest = $16,245.00 | $3,426.62 + interest = $4,661.93. If plaintiff does not recover under Counts I + II, then Laclede prays judgment against Thompson. | $5,035.14 + interest = $6,211.15. If plaintiff does not recover under Counts I + II (not III), plaintiff prays judgment against Crusader. | $6,314.81 + interest = $8,467.97. If plaintiff does not recover under Counts I, II, III and IV. | $5,035.14 + interest = $6,211.15. If plaintiff does not recover under Counts I, II, (not III) IV and V. |
| Status of User | Furnished gas to defendant's "premises." Received benefit + use of gas "at said premises" 2130 Hampson Ave. | Lessor of the premises—received gas "at said premises" which plaintiff "furnished," and "received the use and benefit." | Individual engaged in operation of service station or car wash or both—occupied premises between 11-11-66 and 2-16-68. | Engaged in operation of car wash on premises and occupied premises from 2-16-68 to 11-2-70 | Individual engaged in operation of service station or car wash or both between 7-1-66 and 3-1-69 | Individual engaged in operation of service station or car wash or both between 3-1-68 and 11-2-70 |
| Hypothetical Pleading | | If plaintiff does not recover judgment on Counts III, IV, V + VI, it should recover against both Hampton + Burton or alternatively against Burton. | If Hampton and Burton did not receive benefit and use of gas under Counts I + II, then Thompson received the "use and benefit" of gas from 11-11-66 to 2-16-68. | If Hampton and Burton (not Thompson) did not receive benefit and use of gas, under Counts I + II, then Crusader "received the use and benefit of said gas." | If Hampton, Burton, Thompson and Crusader did not receive benefit and use of gas, under Counts I, II, III + IV, then Zumsteg received "use and benefit" from 7-1-66 to 3-1-69. | If Hampton, Burton, Crusader & Zumsteg (not Thompson) did not receive the benefit and use of gas and gas service under Counts I, II, IV and V, then Jenkins received "use and benefit" of said gas" from 3-1-68 to 11-2-70. |