Julia SHELTON, Appellant,

v.

ST. ANTHONY'S MEDICAL CENTER,
et al., Respondents.

No. 71477.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1989.

As Modified on Denial of Rehearing
Dec. 12, 1989.

Alvin A. Wolff, Jr., Michael A. Gross, St. Louis, for appellant.

Lawrence J. Hess, St. Louis, for respondents.

RENDLEN, Judge.

In plaintiff's action for medical malpractice, her claims against the separate defendants South County Radiologists, Inc. and Dr. E.W. Szoko were dismissed by the trial court for failure to state a claim upon which relief can be granted. The petition, taken as true when reviewing the order of dismissal, *Stiffelman v. Abrams*, 655 S.W.2d 522, 525 (Mo. banc 1983), contains the following averments.

On May 7, 1986, and September 11, 1986, plaintiff, then pregnant, was tested by ultrasound procedures performed at South County Radiologists, Inc. Defendants, however, failed to properly read and interpret these tests and to advise her that her fetus was developing without arms and had other congenital anomalies. The petition alleges that defendants failed to advise plaintiff of her options as to termination of her pregnancy, and further:

[a]s a direct and proximate result of the negligence and carelessness of the defendants, ... plaintiff was denied the right to choose whether or not to terminate

her pregnancy; and as a result thereof plaintiff has incurred extraordinary expenses for medical care and treatment, special education, nursing care, physical therapy, medications, special equipment, devises (sic) and artificial limbs all in the approximate sum of $25,000.00 and will for the life of her daughter ... incur in the future similar sums in an amount not presently ascertainable; plaintiff has suffered losses including loss of consortium, the right to lead a normal life; plaintiff has also suffered and will continue to suffer from emotional distress, anxiety, and depression.

■ Defendants moved to dismiss on grounds that plaintiff's claim was barred by § 188.130.2, RSMo 1986, and by this Court's decision in *Wilson v. Kuenzi*, 751 S.W.2d 741 (Mo. banc 1988). As stated above, the trial court granted the motion to dismiss, and following affirmance in the court of appeals, we granted transfer and determine the cause as on original appeal. Mo. Const. art. V, § 10. The cause is reversed and remanded for reinstatement of the petition.

In *Wilson v. Kuenzi*, 751 S.W.2d 741, a three-judge plurality opinion struck down a cause of action for wrongful birth, which was defined as an action "brought by one or both of the parents of a child born as the result of some form of negligence of the defendant." *Id.* at 743. There, the only damage claimed was that plaintiff would have resorted to an abortion if an amniocentesis test had been performed indicating abnormalities in her child, and Judge Blackmar, concurring with the plurality, wrote that "our Court should not award damages of the kind claimed," but that the petition would have pled a malpractice claim if the element of damages had "adequately appeared." *Id.* at 746. Section 188.130.2, RSMo 1986, effective August 13, 1986, which provides that "[n]o person shall maintain a cause of action or receive an award of damages based on the claim that but for the negligent conduct of another, a child would have been aborted," was held not to have retrospective application to the facts in *Wilson v. Kuenzi*.

As § 188.130.2 became effective in the midst of plaintiff's pregnancy, we must determine when plaintiff's cause of action accrued and thus whether the statute is applicable to her claim. "A cause of action accrues at the time when its owner may legally invoke the aid of a proper tribunal to enforce his demands; when he has a present right to institute and maintain an action or suit." *Brinkmann v. Common School District # 27 of Gasconade County*, 238 S.W.2d 1, 5 (Mo.App.1951), *aff'd*, 255 S.W.2d 770 (Mo. banc 1953). Even though plaintiff claims this is a medical malpractice action for which the statute of limitations begins to run at the time of the act of neglect, *see* § 516.105, it appears on the face of her claim that the harm was not suffered until the child was actually born, and she therefore did not have the right to institute suit until that time. At the time the child was born, § 188.130.2 was fully effective as a bar to the extent plaintiff's claim fell within its provisions.

■ In determining the extent to which the statute bars plaintiff's claim, the allegations of her petition are to be liberally construed, allowing them their broadest intendment, *Porter v. Crawford & Co.*, 611 S.W.2d 265, 266 (Mo.App.1980), *see also Stiffelman v. Abrams*, 655 S.W.2d at 525, and "[i]f the facts pleaded and the reasonable inferences to be drawn therefrom, looked at most favorably from the plaintiff's standpoint, show any ground upon which relief may be granted, the plaintiff has the right to proceed." *Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625, 630 (Mo.App.1975). Viewing the petition in this light, we hold that it states a viable claim of medical malpractice and thus should be reinstated to that extent. The petition does not merely allege that "but for the negligent conduct of another, a child would have been aborted," § 188.130.2, but asserts that:

[a]s a direct and proximate result of the negligence and carelessness of the defendants, ... plaintiff was denied the right to choose whether or not to terminate her pregnancy; and as a result thereof ... plaintiff has suffered losses including loss of consortium, the right to lead a

normal life; plaintiff has also suffered and will continue to suffer from emotional distress, anxiety and depression."

The cause therefore falls within the doctrine enunciated in *Aiken v. Clary*, 396 S.W.2d 668, 673 (Mo.1965), and noted by Judge Higgins in dissent to *Wilson v. Kuenzi*, "that a doctor who fails to adhere to the standard of reasonable care is guilty of malpractice whether consisting of improper care and treatment or of failure to inform sufficiently to enable the patient to make a judgment and give informed consent with respect to treatment." 751 S.W.2d at 748.

The allegations of the petition state a breach of duty to inform the patient sufficiently to enable her to make a judgment, as well as damages flowing from such breach. Such damages are readily separable from damages arising from the possibility that but for the negligent conduct of defendants, the child would have been aborted. Plaintiff has alleged mental distress, and counsel asserts that some mental distress followed from the shock of discovering the defects in the baby at birth without being adequately advised of the deformities and prepared for this catastrophe. Therefore harm is attributable to defendants' negligence regardless of whether plaintiff would have had an abortion, and the pleading states a viable malpractice claim outside the provisions of § 188.130.2. *See Young v. Stensrude*, 664 S.W.2d 263, 265 (Mo.App.1984). Similarly, such damage is distinguishable from that claimed in *Wilson v. Kuenzi*, hence *Wilson* does not preclude plaintiff's action here. When the petition is liberally construed, the claims of loss of consortium and the right to lead a normal life may also be interpreted to allege some damage occurring after the birth and as a result of the shock of not being adequately informed and prepared for the birth of the deformed child, and to that extent such damages are barred neither by the statute nor by *Wilson*.

The judgment of the trial court is reversed and the cause remanded for reinstatement of the petition.

HIGGINS and BILLINGS, JJ., concur.

BLACKMAR, C.J., concurs in separate opinion filed.

COVINGTON, J., dissents in separate opinion filed.

ROBERTSON, J., and FLANIGAN, Special Judge, dissent and concur in dissenting opinion of COVINGTON, J.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.

BLACKMAR, Chief Justice, concurring.

The defendants filed a motion to dismiss for failure to state a claim. This motion is sustainable only if we can say that the well-pleaded facts disclose no possible basis for recovery.

In *Ray v. Dunn*, 753 S.W.2d 652 (Mo. App.1988), it is said:

When a petition is attacked by a motion to dismiss for failure to state a claim, the mere conclusions of the pleader are not admitted. The facts alleged, however, are taken to be true and the pleader is entitled to all favorable inferences fairly deducible therefrom. If such facts and such inferences, viewed most favorably from plaintiff's standpoint, show *any* ground for relief, the petition should not be dismissed.

*Id.* at 654 (emphasis added).

The plaintiff cannot be put out of court because of deficiencies in the pleading of damages, unless it can be said that none of the damages alleged could be legally recovered. It is not the office of a motion to dismiss to probe the specific damage allegations. 71 C.J.S., *Pleading*, § 458. This can be done by a motion to strike or by objection to evidence. It is indeed arguable that the statement of facts demonstrating a legal wrong is sufficient to survive a motion to dismiss, without the necessity for any specification of damages.

The charges of negligence in the amended petition are much more precise than in *Wilson v. Kuenzi*, 751 S.W.2d 741 (Mo.

banc 1988). There the only complaint was about failure to advise the patient of the availability of a procedure available for the detection of hereditary defects in fetuses. Recovery by the plaintiff depended on a series of speculations. Here it is distinctly charged that the defendant physicians were negligent in the interpretation of "ultra sounds," and in their failure to advise the plaintiff of the presence of structural abnormalities in the child she was carrying. The alleged malpractice is pinpointed. My separate concurrence in *Wilson v. Kuenzi* was based on a judicial admission that the only damages sought were based on the assertion that the plaintiff would have procured an abortion if she had known about the defects in the fetus. *Id.* at 746. Here there is no such admission.

It perhaps would have been better if the plaintiff had filed an amended petition following the decision in *Wilson v. Kuenzi* on April 19, 1988, and after my separate concurrence was filed on May 17, 1988. But, since the governing law was in a state of flux while the motion was under submission, I would not hold the absence of an amendment too strongly against the plaintiff, when the petition which was dismissed stated distinct acts of malpractice.

It will be up to the plaintiff, if challenged, to segregate the admissible damage evidence from the inadmissible. There are also problems about how the jury is to be informed of the restrictions on damages under § 188.130.2, RSMo 1986. But it would not be appropriate to comment on these problems with the case in its present posture.

I concur in the reversal and remand.

COVINGTON, Judge, dissenting.

I respectfully dissent.

Section 188.130.2, RSMo 1986, provides: "No person shall maintain a cause of action or receive an award of damages based on the claim that but for the negligent conduct of another, a child would have been aborted." Plaintiff's petition asserts:

"As a direct and proximate result of the negligence and carelessness of the defendants, as aforesaid, this plaintiff was damaged in the following respects, to-wit: *plaintiff was denied the right to choose whether or not to terminate her pregnancy;* and *as a result thereof* plaintiff has incurred extraordinary expenses for medical care and treatment, special education, nursing care, physical therapy, medications, special equipment, devises (sic) and artificial limbs, all in the approximate sum of $25,000 and will for the life of her daughter, Letisha Shelton, incur in the future similar sums in an amount not presently ascertainable; plaintiff has suffered losses including loss of consortium, the right to lead a normal life; plaintiff has also suffered and will continue to suffer from emotional distress, anxiety and depression." (emphasis added)

The petition clearly claims that, but for the negligent conduct of another, the plaintiff was denied the right to choose to abort her child. The substantial portion of damages claimed relate to the care of the child.

The principal opinion urges that plaintiff's claims of loss of consortium and loss of the right to lead a normal life may be interpreted to allege some damage occurring after the birth, and, thus, are not prohibited by § 188.130.2. I cannot concur. It is indisputable that plaintiff suffered greatly at the birth of her child, but plaintiff does not allege, absent the implication that she would have elected to abort, that her life would be different today had she been informed fourteen weeks into her pregnancy that the fetus was deformed. Absent the implication that she would have chosen to abort, plaintiff does not suggest that she would not have suffered loss of consortium nor that she would now have a "normal" life had the ultrasound reading been accurate. Because of the statute, plaintiff alleges no cognizable claim for damages for loss of consortium and loss of the right to lead a normal life.

The principal opinion also finds damages arising from emotional distress. The principal opinion's position on the question rests on the fact that, at oral argument in this Court, plaintiff's counsel suggested that, had plaintiff been advised of the

child's deformities prior to birth, plaintiff would have had time to obtain counseling to prepare her for the birth of a deformed child. Plaintiff's petition, however, does not allege such damage, and whether such an allegation would state a cause of action is not now before this Court. In sum, plaintiff's petition alleges a claim for damages all of which flow from the allegation that, but for the negligent conduct of another, a child would have been aborted. The legislature has specifically precluded this cause of action. I would affirm the judgment of the trial court.