**David RICHARDSON, et al.,**
**Plaintiffs–Appellants,**

v.

**James ROHRBAUGH, M.D.,**
**Defendant–Respondent.**

No. 62411.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 25, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Scott Richardson, St. Louis, for plaintiffs-appellants.

Brinker, Doyen & Kovacs, P.C., Gary P. Paul, Clayton, for defendant-respondent.

PUDLOWSKI, Judge.

Appellants David and Melanie Richardson filed a medical malpractice suit against Respondent Dr. James Rohrbaugh. Appellants alleged that respondent's incorrect diagnosis of a medical condition present in their first child caused them to conceive a second child who was also born profoundly retarded. The trial court granted summary judgment in favor of respondent. Appellants contest the grant of summary judgment on appeal. We affirm.

Appellant's second amended petition alleges that they gave birth to a son, Cody Richardson, on May 15, 1982. Cody was born severely retarded and placed under the care of respondent, a pediatric neurologist. Respondent diagnosed Cody as suffering from microsophilia, a club foot, bilateral hernia and calcification deposits.

The petition further alleges that Melanie Richardson was a patient of respondent and that a doctor/patient relationship existed between them. On many occasions, and continuing for several years, appellants asked respondent if Cody's condition was genetic. They also asked respondent whether it was advisable to have another child. Through March 1986, respondent told appellants that Cody's condition was not genetic and that there was no reason they should not have another child. Relying on respondent's diagnosis of Cody's condition, appellants elected to conceive another child.

Mrs. Richardson gave birth to a second child, a daughter named Kasey Richardson, on September 24, 1985. Kasey was diagnosed in March 1986 as suffering the same condition as her brother. She also was born profoundly retarded, suffering from a small head, and calcification deposits on the brain; all symptoms generally known as Fahr's Syndrome.

Appellants alleged that respondent was careless and negligent in his treatment and diagnosis of Melanie Richardson and committed several negligent acts. These negligent acts were: failure to properly diagnose Cody's condition as being a genetic disease; failure to take adequate medical histories; failure to offer or perform genetic testing or counseling; failure to refer appellants to a specialist for genetic counseling; failure to disclose the genetic nature of the disease denying appellants an informed choice on whether to conceive another child; advising appellants to conceive another child; and general failure to adhere to the requisite standard of care. Appellants further alleged that respondent fraudulently concealed his negligence and the fact that appellants had a claim against him for malpractice because he had actual knowledge that he caused the injuries to appellants.

Appellants' petition concludes that respondent's negligence denied them the right to choose whether to conceive Kasey and resulted in her conception and their injury. Appellants claim to have suffered damages, including the loss of consortium, the right to lead a normal life, and emotional distress, anxiety, and depression.

On July 9, 1991, respondent filed a motion for summary judgment. The trial court called and heard respondent's motion for summary judgment on March 18, 1992. On June 12, 1992 the trial court granted respondent's motion for summary judgment.

Appellants argue in their only point on appeal that the trial court erred in granting respondent's motion for summary judgment and dismissing their petition because there were genuine issues of fact in dispute.

 Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04. The appellate court reviews the record in the light most favorable to the party against whom judgment was entered. *Zafft v. Eli Lilly*, 676 S.W.2d 241, 244 (Mo. banc 1984).

 The Missouri Supreme Court recently noted that the key to summary judgment is the undisputed right to judgment as a matter of law and not just the absence of a fact question. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, No. 75002, slip op. at 15, 854 S.W.2d 371, at 380 (Mo. banc April 20, 1993). Thus, a defending party's motion for summary judgment may establish a right to judgment when it shows facts that negate any one element of plaintiff's cause of action. *Id.* at 381. If the non-movant cannot contradict the showing of the movant, by affidavit or otherwise, judgment is properly entered against the non-movant. *Id.* at 381.

 In order to maintain a cause of action in tort against a doctor, appellants must first establish a physician/patient re-

lationship. *Braun v. Riel*, 40 S.W.2d 621, 622 (Mo.1931). The physician/patient relationship gives rise to the duty of care. *Asaro v. Cardinal Glennon Memorial Hospital*, 799 S.W.2d 595, 600 (Mo. banc 1990). In *Asaro*, a mother could not recover on a negligent infliction of emotional distress claim for her son's injuries caused by the alleged malpractice of her son's physician because she was not within the zone of danger.

■ Appellants contend that this is a distinguishable cause of action based on *Shelton v. St. Anthony's Medical Center*, 781 S.W.2d 48 (Mo. banc 1989). In *Shelton*, a mother sued her treating physician, a hospital and a radiology company for failing to properly read and interpret the ultrasound test of her fetus. The *Shelton* Court held that the allegations of plaintiff mother's petition stated a breach of duty to inform sufficiently to enable her to make an informed judgment respecting treatment of her pregnancy. *Id.* at 50. *Shelton* is not applicable because the plaintiff mother was the patient. In this case, appellants have not shown the necessary physician/patient relationship between respondent and appellant Melanie Richardson. To the contrary, in depositions they both denied that relationship.

Respondent supported his motion for summary judgment with the deposition testimony of David and Melanie Richardson. They both admitted at deposition that respondent was only their son's physician, and not their physician. Melanie testified as follows:

Q. Did you regard Dr. Rohrbaugh to be your doctor, your personal doctor?

A. No, my children's. Cody's....

Q. So Dr. Rohrbaugh was your children's doctor and not your doctor, correct?

A. Right.

David Richardson testified as follows:

Q. Was Dr. Rohrbaugh your doctor, your personal doctor?

A. No, sir.

Q. Whose doctor was he?

A. He is a pediatric neurologist.

Q. He was Cody's doctor?

A. Yes, sir.

Admitting the nonexistence of a physician/patient relationship, therefore, negated a necessary element of appellants' claim.

Appellants contend there is a factual issue of whether a physician/patient relationship existed. Appellants argue that an affidavit and the depositions showed that a physician/patient relationship was formed.

■ Both appellants signed an affidavit attesting to their opinion and belief that Dr. James Rohrbaugh was acting as their family physician and advising them that they could safely have another child, especially in light of the severe retardation of their first child, who was respondent's patient. This affidavit was filed on April 14, 1992, four weeks after the hearing on the motion for summary judgment on March 18, 1992.

The affidavit did not create a factual issue because it could not be considered by the trial court. It was neither timely filed nor in proper form. Rule 74.04(c) provides in part, "Prior to the day of hearing the adverse party may serve opposing affidavits." Absent leave of court or an agreement between the parties to file a late opposing affidavit, we abide by the clear mandate of the rule requiring filing before the date of the hearing on the motion. Affidavits filed on the same date of the hearing of a summary judgment motion are not timely filed and will not be considered as part of the record on appeal. *Lemay Bank & Trust Co. v. Harper*, 810 S.W.2d 690, 692 (Mo.App.1991). Affidavits filed nearly a month after the hearing, therefore, will clearly not be considered as part of the record on appeal.

■ Moreover, the affidavit contained legal opinions and conclusions of the affiants as to the existence of a physician/patient relationship between the parties. An affidavit functions to state facts, not conclusions. *Jennings v. City of Kansas City*, 812 S.W.2d 724, 732 (Mo.App.1991). Affidavits, such as the one submitted by appellants, failing to aver specific facts and

relying on mere doubt and speculation fail to raise any issue of material fact. *Id.*

Appellants also contend that portions of their depositions in which they relate conversations with respondent concerning future children create a factual issue on the existence of a physician/patient relationship. There is no merit to this argument because appellants unequivocally stated that they understood there was no physician/patient relationship with respondent. To allow discussions between pediatricians and the parents of the child patient to spawn a factual issue of whether a physician/patient relationship exists with the parents, over the parents barren conception that no such relationship existed, grows dangerously close to birthing an offspring of liability that would chill communications between pediatricians and parents. We are not willing to breath life into such a claim.

Although summary judgment is a drastic, often harsh remedy, the record before us is devoid of any conflict in the evidence on the physician/patient relationship. Because appellants have not made a showing on this critical element of their case, the grant of summary judgment in favor of respondent must be affirmed.

KAROHL, C.J., and GRIMM, J., concur.