STE. GENEVIEVE COUNTY, Appellant,

v.

Edwin K. FOX and Melvin Cole, a Partnership, d/b/a Fox & Cole Consulting Engineers, Respondents.

No. 48746.

Missouri Court of Appeals, Eastern District, Division Three.

March 26, 1985.

Francis J. Elpers, Ste. Genevieve, Ed. D. Weakley, St. Louis, for appellant.

Clinton B. Roberts, Farmington, for respondents.

CRANDALL, Judge.

Plaintiff, Ste. Genevieve County, appeals from the entry of summary judgment in the amount of $28,662.60 plus interest in favor of defendants, Edwin K. Fox and Melvin Cole, a Partnership, d/b/a Fox & Cole Consulting Engineers, on their counterclaim. Plaintiff had previously settled its action and dismissed its claim with prejudice. On appeal plaintiff contends the trial court erred in granting summary judgment because issues raised by plaintiff's affirmative defense to the counterclaim were not precluded by settlement and dismissal of plaintiff's claim; and that regard-less of the effect of the earlier settlement, defendants failed to prove all elements of their counterclaim. We reverse and remand.

Plaintiff filed suit in October of 1983 alleging negligence and breach of contract by defendants because of their failure to perform professional services in connection with a property mapping program for plaintiff. Defendants filed a counterclaim, alleging that at the time plaintiff terminated the contract, it owed defendants $28,664 for services already performed, and that by refusing to pay that sum plaintiff had breached the contract.

In January of 1984, the parties settled plaintiff's claim and entered a Stipulation for Dismissal of Plaintiff's Cause of Action Only. The Stipulation states:

> Come now plaintiff Ste. Genevieve County and defendant Fox & Cole Consulting Engineers and stipulate and agree that the plaintiff's cause of action, having been compromised and settled, is dismissed with prejudice.
>
> It is expressly agreed and understood by all parties that defendant's counterclaim is not dismissed but is to remain intact and the dismissal of plaintiff's claim is to have no bearing on the prosecution of defendant's counterclaim.

In May of 1984, defendants moved for summary judgment on the counterclaim on the theory that the dismissal with prejudice of plaintiff's claim acted as a bar to plaintiff's ability to defend against the counterclaim, and based on the affidavits on file and requests for admissions to which plaintiff did not respond. The trial court granted defendants' motion for summary judgment.

We look first to determine if defendants were entitled to summary judgment, assuming that plaintiff is not barred from defending against the counterclaim.

> In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom

judgment was rendered, and must accord to that party the benefit of every doubt. Summary judgment is a drastic remedy and is therefore inappropriate unless the prevailing party has shown by unassailable proof to be entitled thereto as a matter of law. If a genuine issue of fact exists, summary judgment cannot be granted. The genuine issue of fact exists when there is the slightest doubt about the facts. However, the fact in doubt must be a material one which has legal probative force as to a controlling issue.

*First National Bank of St. Charles v. Chemical Products, Inc.*, 637 S.W.2d 373, 375 (Mo.App.1982).

It is clear defendants' counterclaim and motion for summary judgment are based on a contract theory of recovery. Defendants assert nonpayment under the contract for services rendered prior to termination of the agreement by plaintiff.

■ Plaintiff has raised a genuine issue of fact by asserting that defendants breached the contract by failing to provide services of a quality required by the contract. This is a material fact which goes to defendants' right to recover under the contract. Plaintiff has raised the issue by way of an amended answer to the counterclaim and the affidavit of Robert Pirrie, an expert who stated he had to redo work done by defendants because it was not done in a professional and workmanlike manner.[1]

■ Defendants claim they are entitled to summary judgment because plaintiff failed to respond to requests for admissions. Rule 59.01(a). While the requests for admissions did ask plaintiff to admit that defendants billed plaintiff for services performed under the contract and that plaintiff paid for a portion of these services, the requests did not ask plaintiff to admit the services were of the quality required by the contract.

Since we find there was a genuine issue as to a material fact, we now consider whether plaintiff is barred from defending against the counterclaim. Defendants claim that plaintiff cannot raise the issue of the quality of the work performed due to the stipulation of the parties which dismissed plaintiff's cause of action with prejudice.

■ Stipulations "are controlling and conclusive, and courts are bound to enforce them." *Pierson v. Allen*, 409 S.W.2d 127, 130 (Mo.1966). Stipulations should be interpreted in view of the results the parties were attempting to accomplish. *Id.* The stipulation here was predicated upon a settlement of plaintiff's claim. To determine the scope of the settlement, we look to "the intent of the parties, ascertained from the language used and from the circumstances surrounding the settlement." *Stoddard v. Wilson Freight, Inc.*, 651 S.W.2d 152, 156 (Mo.App.1983).

■ The intent of defendants by the language of the stipulation is clear. They

---

**1.** Defendants' brief in a footnote claims plaintiff did not obtain leave of court to amend its answer as required by Rule 55.33(a), and that therefore the failure of consideration defense was never properly before the court. Defendants repeat this contention in another footnote, but then concede plaintiff sought to raise the issue of quality of the work in the affidavit of Robert Pirrie.

Defendants have not incorporated this discussion as a Point Relied On. Even if they had, it would appear defendants have waived any objection to plaintiff's raising of the issue of consideration. Rule 74.04(c) states: "Judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that any party is entitled to a judgment as a matter of law." Defendants have waived any objection to the affidavit by failing to move to strike or object in the trial court. *Westbrook v. Mack*, 575 S.W.2d 921 (Mo.App.1978); *Gal v. Bishop*, 674 S.W.2d 680, 683 (Mo.App.1984). By the affidavit alone, plaintiff has shown a genuine issue of material fact, so it does not appear critical that the amended answer was not properly filed. Furthermore, it appears defendants have also waived any objection to the amended answer by not objecting to it in the trial court or moving to strike it when it was filed. *Rickard v. Rickard*, 616 S.W.2d 95, 96 (Mo.App.1981) (where the court allowed the amendment, while here there is no record of any court response to the filing of the amended answer).

wanted to reserve the right to pursue the counterclaim. Defendants claim additionally that the parties intended, by agreeing to allow defendants' counterclaim to be preserved while settling plaintiff's suit, to waive any defenses plaintiff might have to the counterclaim. We disagree.

The second and final paragraph of the stipulation would have been meaningless if plaintiff did not intend to preserve its right to defend against the counterclaim. The counterclaim could have been settled at the same time as the plaintiff's claim if the plaintiff did not plan to defend against it. In addition, a release signed by plaintiff stated:

> NOW THEREFORE, IN CONSIDERATION of the Settlement Agreement attached hereto, and made a part hereof, We do hereby release, acquit, and forever discharge Fox & Cole Consulting Engineers and Continental Casualty Company, their agents, servants, employees, successors, and assigns who might be liable of and from any and all actions, causes of action, claims, offsets, demands, damages on account of, or in any way growing out of, limited to, work performed pursuant to Articles of Agreement between Fox & Cole Consulting Engineers and Ste. Genevieve County dated March 13, 1981, and as amended.
>
> It is further understood and agreed that the settlement is the compromise of a doubtful and disputed claim and is not to be construed as an admission of liability, which is expressly denied.

The release does not state plaintiff is waiving any defenses it might have to defendants' counterclaim.

■ Defendants' assertion that plaintiff is barred by res judicata from defending against the counterclaim also fails. Defendants argue plaintiff's defense constitutes a cause of action, and since the defense uses a theory (breach of contract) used in plaintiff's original cause of action which was settled, that res judicata bars the defense.

■ Res judicata, or claim preclusion, precludes the same parties from relitigating the same cause of action, while collateral estoppel, or issue preclusion, precludes the same parties from relitigating issues which had been previously adjudicated. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 717 (Mo. banc 1979).

■ Rule 67.03 states "[a] dismissal with prejudice bars the assertion of the same cause of action or claim against the same party." It is also the rule that "[j]udgments (including judgments by agreement) are conclusive of the matters adjudicated and are not subject to collateral attack except upon jurisdictional grounds.... And such a judgment ... is a bar to relitigation (in a later suit) of the issues so determined under the doctrine of collateral estoppel and res judicata." *Owen v. City of Branson,* 305 S.W.2d 492, 497 (Mo.App. 1957).[2]

Defendants erroneously contend that plaintiff's defense of the counterclaim constitutes a cause of action—the same cause of action brought by plaintiff in the original suit which was settled. "A cause of action consists of at least two essential elements; the wrongful invasion of a right, and the privilege or power which law or equity gives to the *injured person* to seek and obtain redress." *Giloti v. Hamm-Singer Corp.,* 396 S.W.2d 711, 713 (Mo. 1965) (emphasis added). Plaintiff here is not the "injured person." Plaintiff is not bringing "a cause of action." It is defending *against* an action. Consequently, res judicata does not bar plaintiff from defending against this action.

We therefore hold that the trial court erred in granting defendants' motion for summary judgment. The judgment of the

---

2. In the present case there was no stipulation as to liability or any other fact which might have been determined had there been a trial. Since no issues were actually determined, clearly collateral estoppel is not applicable to prevent determination of any issues in the suit on the counterclaim.

trial court is reversed and the cause remanded.

DOWD, P.J., and CRIST, J., concur.