**PROMOTIONAL CONSULTANTS, INC., Appellant/Cross–Respondent,**

v.

**Laura LOGSDON, and Rachel Forster, Respondents/Cross–Appellants.**

**Nos. ED 75985, ED 76809.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 22, 2000.

Michael E. Kaemmerer, Brian E. Mc-Govern, Kevin T. McLaughlin, Chesterfield, for appellant.

William L. Sauerwein, Martin W. Blanchard, Clayton, for respondent.

## OPINION

LAWRENCE G. CRAHAN, Judge.

Promotional Consultants, Inc. ("Employer") appeals the trial court's entry of summary judgment in favor of Laura Logsdon and Rachel Forster ("Employees") in its suit to enforce the restrictive covenant contained within employment agreements signed by Employees and to recover damages for their alleged breach. Employer also appeals the trial court's entry of a protective order in favor of Employees staying discovery, and the denial of its motion to compel deposition answers and reopen discovery. Employees cross-appeal the trial court's denial of their motion to enforce a settlement agreement and have filed a motion in this court to dismiss Employer's appeal due to the alleged settlement agreement. We dismiss the ap-

peals and award damages for frivolous appeal pursuant to Rule 84.19.

The facts of the case are not in dispute. Employer was engaged in the business of marketing and distributing corporate promotional materials and products. Employees were employed as sales representatives for Employer beginning in 1993 and 1996, respectively. At the time they were hired, each voluntarily executed an employment agreement that contained the following provision:

(b) Employee hereby covenants and agrees that, not for a period of two (2) years after this Agreement and his/her employment terminated, he/she will not contact or solicit, without the prior written consent of Employer, in any manner directly or indirectly, any customer or customers who have purchased from or done business with the Employer in the twenty-four (24) months immediately preceding the Employee's termination of Employment from any business purpose related to the business purposes of Employer. The term "customers" shall be deemed to include the parents, subsidiaries and affiliates of such customers.

Employees continued in their employment as sales representatives until July 1, 1997, at which time they advised Employer of their intent to start their own business. Although they submitted their ten day notification of employment termination in accordance with the Agreement, they were informed that their employment was terminated effective immediately. The following day, Employees established their own corporation, Partners in Promotion, Inc., in direct competition with Employer.

Thereafter, Employer filed suit seeking a temporary restraining order and permanent injunction against Employees to keep them from soliciting Employer's customers, in accordance with the terms of the restrictive covenants, as well as monetary damages for the alleged breach thereof. The trial court subsequently denied Employer's request for a temporary restraining order and Employees filed a motion for protective order seeking to limit the scope of discovery and disclosure of certain confidential information. Simultaneously, Employees filed a motion for summary judgment alleging no genuine issue of material fact existed as to the alleged breach of the restrictive covenants. In support of their motion, Employees each filed an affidavit stating that they had not solicited any of Employer's customers, and directed the court's attention to the previously filed affidavits of two of Employer's former customers, with whom Employees had recently done business, stating no solicitation by Employees had occurred.

In response to this motion, Employer offered the affidavit of its Chief Operating Officer which stated that based upon Employees' representations, he believed that they had "business relationships and are in communication with customers and former customers" of Employer. Employer also filed a motion to re-open discovery to allow it to take the depositions of Employees in order to respond to their motion for summary judgment. The trial court granted this motion and Employees were deposed.

Thereafter, Employer filed with the trial court a motion to compel Employees to answer certain questions certified during their depositions that they were advised not to answer by their attorney. These questions all related to whether Employees had sold any products to, had any conversations with, or had been contacted by any customers of Employer following their termination of employment with Employer. Employees admitted that they had been contacted by and sold some products to former customers of Employer. However, they stated that they never initiated contact with or solicited these customers and refused to disclose their identity or the amount of sales to Employer.

The trial court denied Employer's motion to compel the answers to the deposition questions. Thereafter, the parties jointly prepared and filed a stipulation of facts and asked the trial court to resolve

the lawsuit by summary judgment. They also entered into, but did not file with the court, a written settlement agreement, which provided:

> This letter shall confirm the settlement agreement entered into by our clients. We shall file the agreed upon Stipulation of Facts and request the court to enter judgment.
>
> In the event the court enters final judgment against Defendants [Employees], Defendants shall pay to Plaintiff [Employer] liquidated damages in the amount of $10,000.00 and agree to enter a consent judgment prohibiting Defendants [Employees] from doing business with customers or former customers of Promotional Consultants, from the date of the judgment through July 1, 1999. In the event the court enters final judgment in favor of Defendants [Employees], Defendants [Employees] shall pay no damages, the parties shall each dismiss their claims with prejudice and each party shall bear their own costs.

The attorneys for both parties signed this settlement agreement on February 22, 1999.

On February 24, 1999, the trial court entered summary judgment in favor of Employees. Employer filed a timely notice of appeal. Thereafter, Employees contacted Employer and insisted that it dismiss the appeal in accordance with the settlement agreement. When Employer refused to do so, Employees filed a motion to enforce the settlement agreement with the trial court and asked it to dismiss the appeal. On August 9, 1999, the trial court denied the motion, stating that jurisdiction of the case was now lodged in this court because Employer had filed its notice of appeal prior to Employees filing their motion to enforce the settlement agreement. Both parties appeal.

We will first consider Employees' motion to enforce the settlement agreement

entered into by the parties prior to the trial court's entry of summary judgment in the matter, but made expressly conditioned thereupon. Employees assert that the settlement agreement must be given full force and effect and this court should not entertain Employer's appeal of the propriety of the trial court's order granting summary judgment because Employer expressly and voluntarily agreed to dismiss its claims with prejudice if the trial court ruled in favor of Employees. They argue that by agreeing to voluntarily dismiss its claim with prejudice, Employer foreclosed any opportunity that it had to appeal the underlying judgment in exchange for a complete resolution of the matter. They request that this court dismiss Employer's appeal and enforce the settlement agreement.[1]

Employer counters that it never intended to release its right of appeal and it points to the wording of the settlement agreement which does not expressly state that this right would be surrendered. In support of this argument, Employer submitted the affidavit of Judy Cardin, the President of Employer, which stated that at no time did she intend or otherwise authorize Employer's attorney to waive the right to appeal the decision of the trial court. Employer also submitted a letter dated February 17, 1999, from Employer's attorney to Employees' attorney in which he stated that "in the event the Court would rule in favor of Defendants [Employees], then the matter is resolved subject to any appeal Petitioners [Employer] may wish to pursue."

Employer argues that under *Ste. Genevieve County v. Fox,* 688 S.W.2d 392 (Mo. App.1985), this court may properly consider these documents in determining whether the parties intended to release their right of appeal and give effect to the settlement agreement. In *Ste. Genevieve*

---

1. Employees also filed a request for an award of attorney's fees incurred in preparing their motion, which was denied without prejudice. That request was never renewed by motion or in Employees' briefs.

*County,* the court stated that the scope of a settlement is determined by the intent of the parties, ascertained from the language used and from the circumstances surrounding the settlement. *Id.* Employer argues that these documents clearly show that the intent of Employer was to retain its right to appeal the trial court's ruling, and further, that the language of the settlement agreement did not expressly release such right.

Employer also asserts that in matters of settlement, the attorney must have express authority from his client in order to bind the client by entering into such an agreement; no implied authority to settle or compromise the client's claim or cause of action arises from the mere fact of representation. *Leffler v. Bi–State Development Agency,* 612 S.W.2d 835, 836 (Mo. App.1981). It argues that under *Southwestern Bell Tel. Co. v. Roussin,* 534 S.W.2d 273, 277 (Mo.App.1976), an attorney's apparent authority is limited to matters of procedure or remedy and does not extend to the subject matter of the cause of action. An attorney cannot, without express authority, bind his client to accept such a settlement which surrenders a "substantial right." *Id.* It argues that because the attorney had no express authority to waive the right of appeal in this case, as evidenced by Cardin's affidavit, it cannot be bound by the terms of the settlement agreement, and its appeal should not be dismissed.

■■■ We find Employer's arguments in this case to be unpersuasive. An attorney in charge of a case has implied authority from his client to enter into any stipulation for the control of the progress of the action, even to the entering of judgment in favor of the opposite party. *Wenneker v. Frager,* 448 S.W.2d 932, 937 (Mo.App. 1969). The compromise of a pending suit by an attorney having apparent authority will be binding upon his client, unless it be so unfair as to put the other party upon inquiry as to the authority, or imply fraud. *Id.* We find nothing in the record or argu-

ments of counsel that the settlement agreement, or any of the provisions contained within, was unfair or otherwise fraudulently obtained.

Furthermore, Employer's reliance on the holding of *Southwestern Bell Tel. Co.* to the facts of this case is misplaced. The underlying issue in *Southwestern Bell Tel. Co.* was whether the attorney had the authority to *settle* the case. That is not the issue before this Court. Employer does not contend that its attorney did not have authority to settle the case. Nor does Employer contend that the settlement agreement itself is invalid. Rather, Employer merely asserts it did not comprehend or authorize one legal effect of the settlement it agreed to; *i.e.* that Employer would forfeit its right to appeal.

■■■ Interpretation of a settlement agreement is governed by the same principles applicable to any other contractual agreement. *Kansas City v. Colbert,* 978 S.W.2d 421, 423 (Mo.App.1998). The primary rule of contract construction is that the intention of the parties shall govern. *Andes v. Albano,* 853 S.W.2d 936, 941 (Mo. banc 1993). The scope of the settlement is determined by the intent of the parties, ascertained from the language used and from the circumstances surrounding the settlement. *Schroeder v. Dy–Tronix, Inc.,* 723 S.W.2d 934, 936 (Mo.App.1987). Where the language of the settlement is plain and unambiguous on its face, the intent of the parties is to be garnered from the agreement. *Andes,* 853 S.W.2d at 941. Any reservation or limitation as to the scope of a settlement agreement must be clearly expressed. *Angoff v. Mersman,* 917 S.W.2d 207, 211 (Mo.App.1996).

■■■ The plain and unambiguous language of the Agreement in this case expressed the intent of the parties that dismissal of the claims with prejudice was included within the scope of the agreement. The last sentence of the agreement provided, "in the event the court enters final judgment in favor of Defendants

**506**

[Employees], Defendants [Employees] shall pay no damages, the parties shall each dismiss their claims with prejudice, and each party shall bear their own costs." This language asserts the intent of the parties to conclude all litigation in this matter upon the trial court's entry of judgment of which both parties requested. No reservation for the right to appeal was expressed, and we will not read something into the contract which it does not say. We determine what the parties intended by what they said, and we cannot be concerned with what they may have subjectively intended to say. *Fiegener v. Freeman–Oak Hill Health System,* 996 S.W.2d 767, 773 (Mo.App.1999). Moreover, contrary to Employer's contention, the February 17, 1999 letter indicating a desire to preserve Employer's right of appeal supports our conclusion because no such reservation appeared in the final agreement reached just five days later.

■ When an event occurs which makes a decision on appeal unnecessary or which makes it impossible for this Court to grant effectual relief, the appeal is moot. *Schulte v. Schulte,* 949 S.W.2d 225, 226–27 (Mo.App.1997). The parties entered into a valid settlement agreement to dismiss the cases with prejudice upon the trial court's entry of judgment in favor of Employees. Upon the entry of judgment by the trial court, the settlement agreement went into effect and the question of the appropriateness of the summary judgment in favor of Employees became moot as an appeal of the ruling was not expressly reserved. A question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy. *Preisler v. Doherty,* 364 Mo. 596, 265 S.W.2d 404, 407 (Mo.banc 1954). When there is no existing controversy, we should not retain jurisdiction and Employer's direct appeal is dismissed. Employees' appeal is likewise dismissed as moot.

■ On the court's own motion, we further find that Employer's appeal is legally frivolous. Having agreed to voluntarily dismiss its claim with prejudice in the event of an adverse ruling, Employer had no prospect of relief on appeal. Nor on the merits do we find any plausible construction of the restrictive covenants that would support Employer's contention that contacts initiated by its customers were prohibited. Pursuant to Rule 84.19, we order Employer to pay the sum of $2,500.00 to Employees' attorney to be applied to the fees incurred in defense of this appeal. Such amount shall be paid and a receipt therefor filed with this court within 30 days of the issuance of our mandate or Employer shall be required to show cause why it should not be held in contempt.

MARY RHODES RUSSELL, C.J., Concurs.

ROBERT E. CRIST, Sr. J., Concurs.