James **HELENTHAL**, Individually and as President of Tri–State Shopper, Inc., and his wife, Jeni Helenthal, Appellants/Cross–Respondents,

v.

**LATHROP & GAGE, L.C.,**
Respondent/Cross–
Appellant,

and

**Kutak Rock, Respondent.**

**No. ED 90829.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 7, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 13, 2008.

Application for Transfer Denied Jan. 27, 2009.

James E. Hullverson, Jr., Clayton, MO, for Appellants/Cross–Respondents.

Paul E. Kovacs, Jay A. Summerville, Saint Louis, MO, for Respondent/Cross-Appellant.

Daniel T. Rabbitt, Jr., Saint Louis, MO, for Respondent.

Before KURT S. ODENWALD, P.J., GLENN A. NORTON, J., and PATRICIA L. COHEN, J.

## OPINION

PER CURIAM.

In this consolidated appeal, James Helenthal, individually and as president of Tri–State Shopper, Inc., and his wife, Jeni Helenthal (the "Helenthals"), appeal from the trial court's grant of partial summary judgment in favor of Lathrop & Gage, L.C., which dismissed Counts 1–28 of the Helenthals' 32 count petition against Lathrop & Gage. After the trial court entered its order partially granting and partially denying Lathrop & Gage's motion for summary judgment, the Helenthals voluntarily dismissed the four counts of their petition on which summary judgment had been denied. Lathrop & Gage cross-appeals the trial court's denial of its motion for summary judgment as to those four counts. We affirm in part and dismiss in part.

First, we find that the trial court did not err in granting partial summary judgment in favor of Lathrop & Gage and in dismissing Counts 1–28 of the Helenthals' petition. An extended opinion on this issue would have no precedential value. We have, however, provided the parties a memorandum setting forth the reasons for our decision. The trial court's order partially granting Lathrop & Gage's motion for summary judgment is affirmed pursuant to Rule 84.16(b).[1]

Second, we dismiss Lathrop & Gage's cross-appeal of the trial court's partial denial of its motion for summary judgment.

■ Lathrop & Gage argues in their first and second points on cross-appeal that the trial court erred in partially denying its motion for summary judgment as to the remaining four counts of the Helenthals' petition.

■ Generally, an order denying a motion for summary judgment is not a final judgment and therefore is not subject to appellate review. *Hussmann Corp. v. UQM Electronics, Inc.*, 172 S.W.3d 918, 922 (Mo.App. E.D.2005). However, the denial of a motion for summary judgment may be reviewable on appeal if "the merits of that motion are intertwined with the propriety of an appealable order granting summary judgment." *Id.*

■ "When an event occurs which makes a decision on appeal unnecessary or which makes it impossible for this Court to grant effectual relief, the appeal is moot." *Promotional Consultants, Inc. v. Logsdon*, 25 S.W.3d 501, 506 (Mo.App. E.D.2000). An appeal is moot when the question presented for decision seeks a judgment upon some issue which, if judgment was rendered, could not have any practical effect upon any then-existing controversy. *Id.* Where there is no existing controversy, we should dismiss the appeal as moot. *Id.*

Considering that the Helenthals voluntarily dismissed the remaining four counts of their petition prior to this appeal, a decision by this Court with respect to Lathrop & Gage's cross-appeal is unnecessary, would not grant effectual relief to the parties, and could not have any practical effect upon any existing controversy. Thus, Lathrop & Gage's cross-appeal is dismissed as moot. *See id.* It is therefore

---

1. All references to Rules are to Missouri Supreme Court Rules (2008).

unnecessary to determine whether the merits of Lathrop & Gage's motion for summary judgment as to the remaining four counts of the Helenthals' petition are intertwined with the propriety of the trial court's order partially granting summary judgment in their favor as to Counts 1–28 of the Helenthals' petition.

The trial court's grant of partial summary judgment in favor of Lathrop & Gage, which dismissed Counts 1–28 of the Helenthals' 32 count petition against Lathrop & Gage, is affirmed under Rule 84.16(b). We dismiss Lathrop & Gage's cross-appeal of the trial court's partial denial of its motion for summary judgment.