Colleen M. HOLMES, and Rick W. Holmes, Plaintiffs/Appellants,

v.

MULTIMEDIA KSDK, INC. Lynn Beall, and Michael Shipley, Defendants/Respondents.

No. ED 98466.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 15, 2013.

Motion for Rehearing, Consolidation and/or Transfer to Supreme Court Denied Feb. 26, 2013.

Application for Transfer to Supreme Court Denied April 30, 2013.

Matthew C. Casey, Casey & Devoti, P.C., St. Louis, MO, for appellants.

John A. Michener, Evans & Dixon, L.L.C., St. Louis, MO, for respondents.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff spouses filed a lawsuit against a television station and two of its employees to recover damages for personal injury and loss of consortium based on defendants' negligence in locating an audio-visual box on the ground at a racing event. The circuit court entered summary judgment for the reason that plaintiffs' damage claims were barred by the language of a release signed by plaintiff wife. On appeal, plaintiffs contend that the release of "any Event sponsors" is ambiguous because it did not name each sponsor or specify that it applied to sponsors who had not signed sponsorship agreements at the time the release was signed. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts were uncontroverted for purposes of the summary judgment motion. On or about May 12, 2009, plaintiff Colleen M. Holmes signed and dated an Entry Form for the 2009 Susan G. Komen Race for the Cure (the Event) to be held on Saturday, June 13, 2009. The one-page entry form contained a section titled, "RACE WAIVER AND RELEASE." This section contained the following language:

RACE WAIVER AND RELEASE

*RACE WAIVER AND RELEASE*

(Participant must sign in order to be eligible to participate in Race): I understand that my consent to these provisions is given in consideration for being permitted to participate in this Event. I further understand that I may be removed from this competition if I do not follow all the rules of this Event. I am a voluntary participant in this Event, and in good physical condition. I know that this Event is a potentially hazardous activity and I hereby voluntarily assume full and complete responsibility for, and the risk of, any injury or accident that may occur during my participation in this Event or while on the premises of this Event. I, for myself, my next of kin, my minor children that attend the Event, my heirs, administrators, and executors, hereby release and hold harmless and covenant not to file suit against The Susan G. Komen Breast Cancer Foundation, Inc., D/B/A Susan G. Komen for the Cure, The St. Louis Affiliate of The Susan G. Komen Breast Cancer Foundation D/B/A The St. Louis Affiliate of Susan G. Komen for the Cure, their Affiliates and any affiliated Individuals, any Event sponsors and their agents and employees, and all other persons or entities associated with this Event (collectively, the "Releasees")

for any injury or damages I might suffer in connection with my participation in this Event or while on the premises of this Event. This release applies to any and all loss, liability, or claims I may have arising out of my participation in this Event, including but not limited to, personal injury or damage suffered by me or others, whether such losses, liabilities, or claims be caused by falls, contact with and/or the actions of other participants, contact with fixed or non-fixed objects, contact with animals, conditions of the premises of the Event, negligence of the Releasees, risks not known to me or not reasonably foreseeable at this time, or otherwise. PHOTOGRAPHIC RELEASE: I give my full consent and permission to Susan G. Komen for the Cure, its local affiliates and races (as defined above), their sponsors and corporate sponsors, their successors, licensees, and assigns the Irrevocable right to use, for any purpose whatsoever and without compensation, any photographs, videotapes, audiotapes, or other recordings of me that are made during the course of this event (the "Event").

Mrs. Holmes's signature appeared under this waiver and release.

On June 1, 2009, defendant Multimedia KSDK, Inc. (KSDK) executed a Race Sponsorship Agreement with the St. Louis Affiliate of the Event. This agreement governed the terms of KSDK's sponsorship of the Event in 2009. KSDK, as an Event sponsor, agreed to, and did, broadcast the Event. Defendants Lynn Beall and Michael Shipley, KSDK employees, were involved in arranging the live coverage.

On February 23, 2011, Mrs. Holmes and her husband, Rick W. Holmes (collectively, plaintiffs) filed a lawsuit in the Circuit Court of the City of St. Louis. Plaintiffs alleged that while Mrs. Holmes was a participant in the Event, she was caused to trip and fall over an audiovisual box, and she sustained injuries. Plaintiffs alleged that the audio-visual box was owned and operated by KSDK and was placed on the ground without barricades or warnings in a high pedestrian traffic area. For purposes of summary judgment, the parties agreed that any KSDK employees who placed or otherwise dealt with the audio-visual box were employees of KSDK.

The circuit court entered summary judgment in defendants' favor on the grounds that plaintiffs' claims were barred by the language of the release, the release was not ambiguous, and the release applied to defendants. Plaintiffs appeal.

## DISCUSSION

### Introduction

A trial court may enter summary judgment for a moving party when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–Am. Marine*, 854 S.W.2d 371, 387–88 (Mo. banc 1993). Our review of an order granting summary judgment is essentially *de novo*. *Id.* at 387–88.

■■■ Both points on appeal claim the release is ambiguous. Whether a release is ambiguous is a question of law. *Amusement Centers v. City of Lake Ozark*, 271 S.W.3d 18, 21 (Mo.App.2008). "Interpretation of a release or settlement agreement is governed by the same principles as any other contract." *Mid Rivers Mall, L.L.C. v. McManmon*, 37 S.W.3d 253, 255 (Mo. App.2000) (citing *Andes v. Albano*, 853 S.W.2d 936, 941 (Mo. banc 1993)). "In the absence of fraud, accident, mistake, or duress, the parol evidence rule prohibits the court from considering extrinsic evidence contradicting the terms of the agreement, unless the terms of the agreement are themselves ambiguous." *Id.* at 256. "Contract terms are ambiguous only if the

language may be given more than one reasonable interpretation." *Mid Rivers*, 37 S.W.3d at 256. "Simply because parties disagree over the meaning of a contract does not mean that it is ambiguous." *Id.* "Plain language forecloses speculation about intent of the parties." *Slankard v. Thomas*, 912 S.W.2d 619, 624 (Mo.App. 1995). *See also Givens v. U.S. Nat. Bank of Clayton*, 938 S.W.2d 679, 681 (Mo.App. 1997).

### I. *Ambiguity—Release of Unnamed Event Sponsors*

■ For their first point, plaintiffs assert that the trial court erred in entering summary judgment because the release was ambiguous in that it did not clearly and explicitly set forth the individuals and entities it purported to release from liability. We disagree.

The release described the individuals and entities to be released in the following language:

> The St. Louis Affiliate of Susan G. Komen for the Cure, **their affiliates,** and **any affiliated individuals, any Event sponsors and their agents and employees, and all other persons or entities associated with this Event . . . ."**

(emphasis added). Plaintiffs argue that the highlighted language is ambiguous because it does not specifically name the individuals and entities being released. They contend that such specificity is required in a prospective release.

We have routinely held that the word "any" when used with a class in a release is all-inclusive, it excludes nothing, and it is not ambiguous. *Angoff v. Mersman*, 917 S.W.2d 207, 210–11 (Mo.App.1996). In *Angoff*, the court held that an agreement not to assert "any claim" against investors resulting from a company's insolvency included a claim that the investors had failed to pay a sum due under a promissory note.

*Id.* at 211. It held that the fact that the covenant did not specifically refer to the promissory note was inconsequential. *Id.* Likewise, a release that releases claims against "any and all persons" is unambiguous and enforceable to bar claims against third parties who were not parties to the release, and it is not necessary that the release identify those persons by name or otherwise. *Lunceford v. Houghtlin*, 170 S.W.3d 453, 460 (Mo.App.2005). *See also Slankard*, 912 S.W.2d at 625. Thus, under these cases the release of "any Event sponsors" unambiguously releases all Event sponsors without exclusion, and it is not necessary that each sponsor be named.

However, plaintiffs argue that this reasoning does not apply to the use of "any" with classes of persons in a prospective release for future acts of negligence because courts require more specificity in a prospective release. We disagree.

■ "Public policy disfavors but *does not* prohibit releases of future negligence." *Milligan v. Chesterfield Village GP, LLC*, 239 S.W.3d 613, 616 (Mo.App.2007) (emphasis added) (citing *Warren v. Paragon Technologies Group*, 950 S.W.2d 844, 845 (Mo. banc 1997) and *Alack v. Vic Tanny Intern., of Missouri, Inc.*, 923 S.W.2d 330, 334 (Mo. banc 1996)). In *Alack*, the Missouri Supreme Court addressed the enforceability of releases of future negligence. The court held that in order to be enforceable in Missouri, exculpatory clauses must contain "clear, unambiguous, unmistakable, and conspicuous language in order to release a party from his or her own future negligence. The exculpatory language must effectively notify a party that he or she is releasing the other party from claims arising from the other party's own negligence." *Alack*, 923 S.W.2d at 337. *Alack* established the following bright-line test: "The words 'negligence' or 'fault' or their equivalents must be used conspicuously so that a clear and unmis-

takable waiver and shifting of risk occurs. There must be no doubt that a reasonable person agreeing to an exculpatory clause actually understands what future claims he or she is waiving." *Id.* at 337–38.

In *Milligan,* the court of appeals analyzed *Alack* in the context of an argument that a release that clearly released future negligence liability was nonetheless ambiguous under *Alack* because it used the word "any cause," which could apply to nonreleaseable claims, such as assault. The court disagreed and pointed out that the ambiguity that *Alack* found in the words "any" and "all" arose from the failure to use the word "negligence" in the release:

> *Alack's* mention of ambiguity was in reply to defendant Tanny's claim that its clause was adequate (*Id.*), basically arguing the minority view that "any" or "all" covers negligence without using that word or its equivalents. "Any" and "all" seem unambiguous and all-encompassing, but not so under the law governing exculpatory clauses. The court perceived a "latent ambiguity" since Tanny's clause, while extensive, did not specifically release Tanny's negligence.

*Milligan,* 239 S.W.3d at 618. *Milligan* rejected the argument that *Alack* required, in addition to specifying negligence, that all other possible latent ambiguities be hypothesized and addressed. *Id.* at 618–19.

Thus, *Alack* and its progeny require that the word "negligence" must be clearly set out in a release of future negligence. The issue of whether parties must be more specifically described in a release of future negligence than in other releases did not arise in *Alack.* *Alack* simply does not require that for a release of liability for future negligence to be effective, it must identify every individual sought to be released by name rather than by class.

The release of "any Event sponsors and their agents and employees" from liability for future negligence clearly releases all Event sponsors and their agents and employees without exclusion. It is not ambiguous because it does not name each individual Event sponsor it purported to release from liability. Point one is denied.

## II. *Ambiguity—Timing of Release of Event Sponsor*

■ For their second point, plaintiffs contend that the trial court erred in entering summary judgment in defendants' favor because the release signed by Mrs. Holmes purported to release sponsors of the Event, and at the time Mrs. Holmes signed the release, KSDK was not yet a sponsor of the Event. Plaintiffs argue that the release of "any Event sponsors" was ambiguous because it did not specify whether it applied to Event sponsors who had not yet signed a sponsorship agreement at the time the release was executed. Plaintiffs rely solely on *Alack,* 923 S.W.2d at 337, to support their argument.

Again, we disagree with plaintiffs' argument. As we stated in our discussion under point one, the ambiguity found in *Alack* turned on the absence of the word "negligence" or its equivalent from a release purporting to release future negligence. The description of the party to be released was not an issue in *Alack.* Further, as we held in our discussion under point one, the release of "any Event sponsors" clearly releases all Event sponsors without exclusion. Plaintiffs' additional contention that the release is ambiguous because it does not specifically indicate that it applies to Event sponsors who had not signed a sponsorship agreement at the time the release was executed likewise has no merit.

The release in this case was a release of claims for any injury or accident "that may occur during my participation in this Event or while on the premises of this Event." Thus, the release specifically gov-

erned liability for injuries or accidents arising out of a participant's participation in and presence at the June 13, 2009 Event. The release released "any Event sponsors." KSDK was an Event sponsor for the June 13, 2009 Event. The release of "any Event sponsors" plainly released all Event sponsors without exclusion. The plain language of the release cannot reasonably be interpreted to release only those sponsors who had signed the sponsorship agreement before a participant executed the release. Point two is denied.

*Conclusion*

The judgment of the trial court is affirmed.

MARY K. HOFF, J. and LISA VAN AMBURG, J., concur.